IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LEWIS FLETCHER<br>1128 Stevenson Court<br>Herndon, Virginia 20170<br><br>*On Behalf of Himself*<br>*And Others Similarly Situated*<br><br>    PLAINTIFF<br><br>v.<br><br>ASCOM NETWORK TESTING, INC.<br>1943 Isaac Newton Square<br>Reston, Virginia 20190<br><br>SERVE:  Corporation Service Company<br>    Bank of America Center, 16th Floor<br>    Richmond, Virginia 23219<br><br>    DEFENDANT | Case No.: 1:15CV575-GBL/MSN |

*********************************************************************

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Ascom Network Testing, Inc. ("Defendant" or "Ascom") failed to pay Plaintiff Lewis Fletcher ("Plaintiff") and other similarly situated individuals who worked as customer support employees, overtime wages as required by the Fair Labor Standards Act ("FLSA").

2. Ascom paid these non-exempt employees a salary but no overtime compensation.

3. This action seeks to recover the unpaid wages and other damages owed to Plaintiff.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

6. Plaintiff is a resident of Herndon, Virginia and worked for Ascom's Reston, Virginia office as a Customer Support Engineer from about 1995 through about April 15, 2015.

7. By acting as the named Plaintiff in this matter, Plaintiff hereby confirms and affirms his consent to participate as Plaintiff in a case to seek unpaid wages under the FLSA.

8. Ascom is a California corporation with a principal office location located in Reston, Virginia.

## IV. FACTS

9. Ascom engages in national and international telecommunications network testing business operations.

10. Ascom's employees regularly handle goods or materials that have moved in, or were produced for, commerce, such as computer monitors, workstations, printers, telephones, networking hardware, etc.

11. Ascom is an enterprise engaged in commerce under the FLSA because at all times material hereto it had an annual gross volume of sales in excess of $500,000.00.

12. Ascom employed Plaintiff and other similarly situated individuals as salaried employees under such job titles as Customer Support Engineer or substantially similar Customer Support job titles.

13. The primary job duties of Customer Support Engineers or individuals with substantially similar job titles and job duties are non-exempt duties.

14. Plaintiff and other similarly situated individuals routinely worked more than forty (40) hours in a workweek.

15. Ascom had actual knowledge of all hours Plaintiff and other similarly situated individuals worked and suffered or permitted them to work more than forty (40) hours per week.

16. Ascom paid Plaintiff and other similarly situated individuals a salary regardless of the number of hours they worked each week.

17. Despite its obligations under the FLSA, Ascom did not pay Plaintiff and other similarly situated individuals any overtime.

## V. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff believes that in the last three (3) years, more than twenty (20) similarly situated persons are or have been employed by Defendant as Customer Support Engineers (or individuals with substantially similar job titles and/or job duties) at Defendant's Reston, Virginia office location as well as in auxiliary office or quasi-office locations in Texas, California, and Washington State. ("Class Members").

19. The duties, responsibilities, and activities of the Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

20. The Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

21. Defendant was and/or is the "employer" of the Class Members as that term is defined by the FLSA.

22. The Class Members were paid by Defendant as salaried employees.

23. The Class Members regularly worked many hours in excess of forty (40) per week.

24. The Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

25. The Class Members were not exempt from the overtime provisions of the FLSA.

26. Defendant was and is actually aware the Class Members were and are not exempt from the overtime provisions of the FLSA and is actually aware that the rate and method by which Defendant compensated and continues to compensate the Class Members for overtime hours worked each week in excess of forty (40) violated and continues to violate the FLSA overtime provisions.

27. Plaintiff is currently unaware of the identities of all the members of the Class.

28. Defendant similarly violated the FLSA by perpetuating a common and class-wide payroll scheme of failing to pay Plaintiff and the Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty (40) during each workweek.

29. Defendant's common and class wide violations of the FLSA were willful, repeated, intentional, and not in good faith.

30. Plaintiff and the Class Members have been commonly damaged by Defendant's FLSA violations.

31. Defendant is liable to Plaintiff and the Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## VI. CAUSE OF ACTION

32. Plaintiff re-alleges all of the foregoing paragraphs as if set out here in their entirety.

33. By failing to pay Plaintiff and the Class Members overtime at one-and-one-half times their regular rates, Ascom violated the FLSA's overtime provisions.

34. Ascom owes Plaintiff and the Class Members overtime at one-and-one-half times their regular rates for all hours worked in excess of forty (40) hours in a workweek.

35. Because Ascom knew, or showed reckless disregard for whether its pay practices violated the FLSA, making its FLSA violations willful, Ascom owes these wages for at least the past three (3) years.

36. Plaintiff and the Class Members are also entitled to liquidated damages in an amount equal to their unpaid wages.

37. Plaintiff and the Class Members are also entitled to recover their reasonable attorneys' fees and costs incurred in this action.

## VII. PRAYER

38. Plaintiff and any "opt-in" Class Members respectfully request judgment in their favor, awarding them:

    a. All unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    b. Pre- judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    c. All such other and further legal and equitable relief to which Plaintiff and any "opt-in" Class Member may show themselves to be justly entitled.

Respectfully submitted,

**ZIPIN, AMSTER & GREENBERG, LLC**

_____
GREGG C. GREENBERG
Virginia Bar No. 79610
836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (301) 587-9397
Email: ggreenberg@zagfirm.com

**COUNSEL FOR PLAINTIFF**