**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| LEWIS FLETCHER | * | |
| | * | |
| PLAINTIFF | * | Case No.: 1:15cv575 – GBL/MSN |
| | * | |
| v. | * | |
| | * | |
| ASCOM NETWORK TESTING, INC. | * | |
| | * | |
| DEFENDANT | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The parties to this action jointly seek approval of their settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  The parties' executed settlement agreement ("Agreement") is attached hereto as Exhibit A.  Insofar as this action involves Plaintiff's claims under the FLSA, the parties' settlement is subject to Court approval and entry of an order of same and dismissal of this action with prejudice.

### I.      THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

An employee may only release claims for wages and damages pursuant to the FLSA under the supervision of the Secretary of Labor or by Court approval.  To this end, the parties must file the Settlement Agreement with the Court for review and approval for reasonableness. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Hoffman v. First Student, Inc*., 2010 U.S. Dist. LEXIS 27329 (D. Md. 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010).  This Court considers the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members

after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at

*10-11 (E.D. Va. 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975));

*Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1813497, at *1 (W.D. Va. 2010) (citing

*Lomascolo* in rejecting motion which did not address those factors).

The settlement here is a fair and reasonable resolution of the dispute.  As to the first

factor, the parties have engaged in preliminary production of documents and voluntary discovery

that included reviewing and fully discussing and analyzing the details of all records related to

Plaintiff's employment (including time records and payment records) and taken into account the time

entry information provided by Plaintiff and available to Defendant, the difficulty in accurately

calculating Plaintiff's exact hours worked (more specifically, any alleged off-the-clock time not

recorded on time and pay records) each week and exact damages at issue and in dispute herein.

Defendant, in its defense, adamantly asserts that Plaintiff was at all times an exempt

employee and was not owed overtime wages under the FLSA.  Further, Defendant vigorously

disputes the number of hours that Plaintiff claimed to have worked as Defendant's records

showed substantially fewer hours worked per week as compared to Plaintiff's assertion of

substantially more hours worked.  The legal and factual disputes at issue in this matter would

likely have forced the case potentially all the way to a trial on the merits based on potentially

disputed facts as to Plaintiff's exemption status and hours worked.

As to the third factor, in negotiating the settlement amounts and non-monetary terms, the

parties engaged in arms-length and good-faith negotiations.  There was no fraud in the agreement

between the parties.  Prior to the settlement, Plaintiff was given an opportunity to review all

2

documents in Defendant's possession relating to his wage claim, considered the potential value of his claims, strongly considered the strength of Defendant's defenses, and concluded that the proposed settlement provides a fair and reasonable resolution of his claims.  Defendant supports this result because it eliminates the uncertainties and risks of further litigation.

As to the fourth factor, Plaintiff's counsel and Defendant's counsel have extensive experience in investigating, litigating, and settling FLSA claims. Plaintiff's counsel has litigated numerous FLSA claims in this Court, the United States District Court for Maryland, and the United States District Court for the District of Columbia.  Defendant's counsel has litigated FLSA claims in the United States District Court for the District of Columbia and the Superior Court of the District of Columbia.  Counsel for the parties are well equipped to advise, and have advised, the parties as to the suitability of the settlement this case.

The fifth factor is not relevant here.  Plaintiff never moved for conditional certification and this matter was never certified or conditionally certified as a collective action.  Plaintiff has settled only his claim against Defendant and no other person is known to seek relief hereunder. Plaintiff's settlement has no effect on the potential claims of any current or former employee of Defendant.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted).  Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process."  *Id.*  These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*  The parties took into account the possibility that a finder of fact may determine that Plaintiff was an exempt employee and was not

3

owed overtime wages under the FLSA, that Defendant did not violate the FLSA, or that any violation of the FLSA may be found to have been made in good faith and not to be willful as well.  Each of the foregoing issues, inter alia, was the subject of a bona fide dispute between the parties.  The parties also took into consideration the uncertainty and risks in litigation involving the Court's eventual determination as to how many hours Plaintiff worked in a given workweek and the costs that each party will incur if the litigation continues.

Moreover, Plaintiff understands that, by entering into the Agreement, and in consideration of the promises made by the Defendant as set forth therein, Plaintiff is agreeing (i) to dismiss this lawsuit with prejudice; and, furthermore (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that she may have had under the FLSA or otherwise in connection with Plaintiff's employment prior to the date of the Agreement.  Plaintiff acknowledges his decision to settle his claims and dismiss this lawsuit is voluntarily made of his own accord, without any pressure, coercion or undue influence by anyone. To ensure that the parties' settlement agreement is valid and enforceable, the parties jointly present Exhibit A, the attached Agreement, for the Court's review and approval.

## II.      <u>CONCLUSION</u>

Therefore, the parties jointly request that this Court approve their settlement agreement as fair and reasonable, and enter an order of dismissal with prejudice pursuant to the terms of the Agreement.  **<u>Moreover, in an effort to avoid additional attorney's fees and costs on both sides, and to expedite the finality of the settlement, the parties jointly request this Court approve this settlement without the need for a hearing.</u>**

Respectfully submitted

/s/ Gregg Greenberg _____
Gregg C. Greenberg**,** Bar No. 79610
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373
Fax: (301) 587-9397
ggreenberg@zagfirm.com

*Counsel for Plaintiff*


ASCOM NETWORK TESTING INC.

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

/S/ Alan S. Block_____
Alan S. Block VSB 32528
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000 (Telephone)
(202) 712-7100 (Facsimile)
ablock@bonnerkiernan.com

*Counsel for Defendant*

5