## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is between LEWIS FLETCHER, SSN: XXX-XX-8473, 1128 Stevenson Court, Herndon, Virginia 20170 (hereinafter, "FLETCHER") and ASCOM NETWORK TESTING, INC., 1943 Sir Isaac Newton Square, Reston, Virginia, 20190 (hereinafter, "ASCOM")(hereinafter, FLETCHER and ASCOM referenced collectively as the "Parties" or individually as a "Party").

WHEREAS, FLETCHER filed a lawsuit against ASCOM in the United States District Court for the Eastern District of Virginia, Alexandria Division, styled *Lewis Fletcher v. Ascom Network Testing, Inc.*, Case No.: 1:15-cv-575-GBL/MSN (hereinafter, the "Litigation"), seeking relief under the Fair Labor Standards Act in the form of alleged unpaid wages, liquidated damages, costs, interest, attorneys fees and other damages; and

WHEREAS, ASCOM denies any and all wrongdoing and liability to FLETCHER under the Fair Labor Standard Act and any and all other laws, statutes and regulations and/or for any alleged unpaid wages, liquidated damages, costs, interest, attorneys fees or other damages; and

WHEREAS, the Parties have undertaken a preliminary exchange of information and desire to settle any and all claims and disputes between them, now and forever, in order to avoid the costs and distraction of the subject Litigation and/or any further or other litigation; and

WHEREAS, ASCOM enters into the settlement set forth herein based on FLETCHER's warranty and representation that to the best of his knowledge, information and belief, no other person(s) has been recruited by him or his attorney(s) to join in the Litigation, no other person(s) has approached or contacted him or his attorney(s) to join in the Litigation, and neither he nor his attorney(s) knows of any person(s) who intends to seek relief against ASCOM under the Fair Labor Standards Act and/or with regard to any claim involving wages and/or overtime compensation from or through ASCOM;

NOW, THEREFORE, in consideration of the mutual promises set forth below, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  The provisions set forth above are not mere recitals, but are material terms of this Agreement, adopted and incorporated herein by reference.

2.  **Payments**

In consideration for FLETCHER's execution of this Agreement and his promises and performance hereunder, upon entry of order(s) by the Court approving this settlement and the dismissal of the Litigation with prejudice, ASCOM agrees to pay the following:

> a. To "Lewis Fletcher" as disputed unpaid wages - Six Thousand Eight Hundred Dollars and Zero Cents ($6,800.00) less applicable deductions and withholdings, for which an IRS Form W-2 shall issue;

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

    b. To "Lewis Fletcher" as disputed liquidated damages and/or other disputed non-wage damages and interest- Six Thousand Eight Hundred Dollalrs and Zero Cents ($6,800.00), for which an IRS Form 1099 shall issue; and

    c. To "Zipin, Amster & Greenberg, LLC" for attorneys fees, costs and expenses – Nine Thousand Nine Hundred Dollars and Zero Cents ($9,900.00), for which an executed IRS Form W-9 shall be provided to ASCOM by the law firm of Zipin, Amster & Greenberg, LLC.

The foregoing payments shall be made by ASCOM within five (5) business days following the dismissal of the Litigation with prejudice.

The Parties agree that ASCOM shall not owe any additional payments of any kind and that ASCOM's sole and exclusive payment obligations are set forth in Paragraphs 2(a), 2(b) and 2(c) above.

3. **Taxes**

FLETCHER agrees that he shall be responsible for all tax liability (including but not limited to penalties, fines, expenses and/or interest from any taxes assessed), if any, incurred by him as a result of any payment made to him and/or his attorneys, Gregg C. Greenberg, Esq. and/or Zipin, Amster & Greenberg, LLC, under this Agreement. FLETCHER agrees that he shall indemnify, defend and hold harmless ASCOM in the event of any dispute concerning whether taxes are owed by him and/or his counsel on any part of the settlement payment(s), and FLETCHER further agrees that he shall be solely responsible for paying any taxes, penalties, fines, expenses and/or interest as a result of this settlement. By execution of this Agreement, FLETCHER warrants and represents that he is a citizen of the United States or a "Permanent Resident" of the United States, as defined by the United States Internal Revenue Service ("IRS").

4. **Reliance Upon FLETCHER's Warranties and Representations**

FLETCHER acknowledges and agrees that the payments set forth in this Agreement are consideration to which he may not have otherwise been entitled, and are being paid in exchange for signing this Agreement and his promises and performance hereunder, and that in making said payments, ASCOM is relying upon FLETCHER's warranty and representations that to the best of his knowledge, information and belief, no other person(s) has been recruited by him or his attorney(s) to join in the Litigation, no other person(s) has approached or contacted him or his attorney(s) to join in the Litigation, and neither he nor his attorney(s) knows of any person(s) who intends to seek relief against ASCOM under the Fair Labor Standards Act, this Litigation and/or with regard to any claim involving wages and/or overtime compensation from or through ASCOM.

2

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

### 5. No Other Claims

FLETCHER acknowledges and agrees that he has been properly and timely paid for all services provided and hours worked, including but not limited to salary, wages, overtime and/or any and all other compensation paid or owed to him, and any and all damages or recovery relating to or arising from his employment with ASCOM, including but not limited to liquidated damages, attorneys fees, costs, expenses and/or any and all statutory or common law recovery that may be had by him or to which he may claim any entitlement under 29 U.S.C. ¶ 7434 and/or any other statute, regulation or the common law.

FLETCHER acknowledges and agrees that with the dismissal with prejudice of the Litigation, he does not have nor shall he have or make any claims, charges, proceedings, suits, causes, or actions of any kind against or involving ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above, except as may be necessary to enforce this Agreement.

### 6. Release

(a) In exchange for the payments described in Paragraphs 2(a), 2(b) and 2(c) above, FLETCHER does hereby and by these presents for himself and for anyone claiming by, through or under him, fully remise, waive, release, acquit, satisfy and forever discharge and hold harmless ASCOM and its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above, of and from any and all, and all manner of, action and actions, causes and causes of action, suits, damages, debts, dues, sums of money, salary, wages, overtime, injuries, health care bills, liens, reckonings, bonds, covenants, contracts, controversies, agreements, promises, variances, trespasses, liabilities, judgments, executions, attorneys fees, costs, expenses, interest, claims and demands whatsoever, and/or any and all statutory or common law recovery whatsoever, in law or in equity, including but not limited to any cause of action or claim of violation of state or federal constitutional rights, personal injury, wrongful discharge, constructive discharge, defamation, conspiracy, misrepresentation, breach of contract, interference with contract, intentional infliction of emotional distress, negligent supervision, assault, battery, age discrimination under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.*, harassment and/or unlawful employment discrimination based upon sex, race, color, disability, regarded or perceived disability, national origin, regarded or perceived national origin, marital status or religion arising under or based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, The Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.*, Sections 1981, 1982, 1983 and 1984 of the Civil Rights Act of 1866, 42 U.S.C. §§1981-1984, the Rehabilitation Act of 1973, Executive Order 11246, the Fair Labor Standards Act and any and all Wage and Hour laws of the Commonwealth of Virginia, the False Claims Act and any and all other whistleblower statutes, the Employee Retirement Income Security Act, the Fair Credit

3

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

Reporting Act, the Family and Medical Leave Act, the Equal Pay Act, the Genetic Information Nondiscrimination Act of 2008, and all other state, county, local or federal equal employment opportunity and/or wage payment laws, statutes, public policies, orders or regulations and any other federal, state or local law, statute, public policy or regulation affecting or relating to the claims or rights that FLETCHER ever had, now has, or in the future may have as to any and all acts, omissions, events and/or occurrences from the beginning of time until and inclusive of the date of this Agreement as against ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above.

    (b)    Nothing in Paragraph 6(a) above shall be construed to waive or prejudice FLETCHER's or ASCOM's right to enforce any provision of this Agreement.

    (c) FLETCHER expressly acknowledges and agrees:

- (i) That this Agreement is written in a manner that he understands;

- (ii) That this Agreement specifically involves, but is not limited to, his waiver of any and all rights and/or claims arising under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.*;

- (iii) That he does not waive his rights or claims that may arise after the date of his execution of this Agreement;

- (iv) That he waives her rights and claims only in exchange for consideration in addition to anything of value to which he already is entitled;

- (v) That he has been advised or is herein advised to consult with an attorney prior to executing this Agreement, and that he has been informed that he could take up to twenty-one (21) days to consider this Agreement prior to his execution of same;

- (vi) That he has had a reasonable period of time within which to consider this Agreement prior to his execution, and that he knowingly and voluntarily enters into this Agreement;

- (vii) That he was advised and understands that he may revoke this Agreement at any time within seven (7) days after he executes same, and that this Agreement shall not become effective or enforceable until after the seven-day notice period has expired; and

4

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher, v. ASCOM Network Testing, Inc.*

  (viii) That he acknowledges that he has twenty-one (21) days to review this Agreement prior to signing it. To the extent that FLETCHER has decided to execute this Agreement prior to the expiration of the twenty-one (21) day period, he acknowledges that he has voluntarily executed the Election attached to this Agreement as Exhibit 1.

 (d) The Parties further agree that no attempted revocation of this Agreement by FLETCHER shall be effective unless it is timely received by ASCOM in writing. Any such notice of revocation shall be provided via electronic mail and facsimile to ASCOM's counsel of record, Alan S. Block, Esq., Bonner Kiernan Trebach & Crociata, LLP at <ablock@bonnerkiernan.com> and (202) 712-7100 (Facsimile).

(e) Nothing in Paragraphs 6(a), 6(c) or 6(d) above is intended to, and shall not limit nor adversely affect, in any way, the following:

  (i) FLETCHER's rights under law to continued health insurance pursuant to the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-272, Title IX) ("COBRA"); and

  (ii) Any other legal right he may have pursuant to an "employee benefit plan," as such term is defined under Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002 (3).

### 7. Non-Disclosure

FLETCHER agrees that all information from ASCOM relating to him and/or ASCOM obtained or learned by FLETCHER during the Litigation shall not be disclosed to third parties directly or indirectly without the express written consent of ASCOM.

### 8. Non-Solicitation / Non-Participation

FLETCHER acknowledges and agrees that to the fullest extent permitted by law, he is precluded from filing or pursuing or participating in any legal claim or action of any kind against any person or entity at any time in the future, in or with any federal, state or municipal court, tribunal, or other authority, arising out of the claims that he waived and/or released in this Agreement. FLETCHER agrees not to solicit, encourage, promote, file or pursue any such claim or action. FLETCHER expressly waives any right or claim to monetary recovery and/or damages of any and all kinds should any person, entity or agency pursue any such claims or action.

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

### 9. Non-Disparagement

(a) As a further part of the consideration for this Agreement, FLETCHER shall not make any disparaging remark or comment about ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above through any means, including without limitation, oral, written or electronic communications, or induce or encourage others to publicly disparage ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above, except as may be required by law or court order; (b) pursuant to an inquiry by the Internal Revenue Service and/or any other lawful taxing authority; (c) pursuant to a lawfully issued subpoena, provided that the responding party, to the extent possible, provides ASCOM with written notice of such subpoena at least five (5) calendar days prior to such disclosure and agrees not to contest any motion for protective order or motion to quash filed by ASCOM; or (d) on account of an action to enforce the terms of this Agreement or to enforce a breach of any terms of this Agreement. For purposes of this paragraph, the term "disparaging" means any statement made or issued to the media, or other entities or persons that adversely affects ASCOM's and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above's personal or professional reputation and/or that portrays ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above in a negative or unfavorable light.

(b) ASCOM hereby affirms that it shall provide only dates of employment, position(s) held, and verification of salar(ies) to prospective employers of FLETCHER who inquire to ASCOM's Human Resources Department.

### 10. Dismissal Of Litigation

FLETCHER agrees to dismiss the Litigation with prejudice by agreeing to his attorney's execution of the Stipulation of Dismissal with Prejudice.

### 11. No Admission of Liability or Wrongdoing

ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above does not admit any allegations made against it in any charges, complaints, grievances or the Litigation. Nothing contained in this Agreement shall be deemed or construed as an admission of liability or

6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

wrongdoing, or of any violation of any applicable law, rule, regulation, order or contract of any kind, nor shall this Agreement or any act or omission arising herefrom be deemed, construed or admitted as evidence of liability, wrongdoing, or responsibility of any kind on the part of ASCOM and/or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above.

### 12. Confidentiality

With the exception of the filing of the filings required for Court approval of this settlement and dismissal with prejudice of the Litigation, and any statements made to the Court in connection with those filings, FLETCHER agrees that he shall keep this Agreement, the fact of settlement, and the terms and conditions of this Agreement, as well as any communications leading to this Agreement, strictly confidential. If inquiries arise concerning this Agreement or the Litigation, FLETCHER may reply only that "the matter has been resolved," but shall make no other comment.

FLETCHER further agrees that he shall not review, discuss or disclose, orally or in writing, the existence of this Agreement, the communications leading to this Agreement, or the terms and provisions of this Agreement with any person other than his attorneys, tax consultants, and/or spouse. FLETCHER further agree that he shall not disclose or permit the disclosure of any term or provision of this Agreement or communications leading to this Agreement to any past, present or future employee of ASCOM or its past, present, and future parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, servants, heirs, successors, assigns and/or personal or official representatives of each and all of the above.

The Parties acknowledge and agree that a breach of this confidentiality provision is a material breach of this Agreement.

### 13. Waiver of Costs, Expenses and Attorneys Fees

In consideration of the promises made by ASCOM in this Agreement and except as provided in this Agreement, FLETCHER agrees to waive and release any claim he may have to an award or judgment of costs, expenses and attorneys' fees of any kind and nature.

### 14. Severability

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

### 15. Waiver

The failure of either Party to enforce the performance of any term or obligation of this Agreement or the waiver by either Party of any breach of this Agreement shall not prevent any subsequent enforcement of such term or obligation and shall not be deemed a waiver of any subsequent breach.

### 16. No Re-Employment

FLETCHER acknowledges and agrees that any employment relationship with ASCOM has been permanently and irrevocably severed and that ASCOM does not have any obligation, contractual or otherwise, to hire or employ or work with him in any capacity in the future. FLETCHER agrees that he shall not seek, apply for, or accept employment with ASCOM or any successor entity of ASCOM. Should FLETCHER apply for and/or accept employment ASCOM or its successor(s), he agrees to withdraw and/or resign from any such employment upon request.

### 17. Entire Agreement

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia. The Parties further agree that the United States District Court for the Eastern District of Virginia, Alexandria Division, shall retain jurisdiction to enforce the terms of this Agreement. This Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by all Parties.

### 18. Counterparts

The Parties agree that this Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which shall be deemed as being the same instrument.

### 19. Execution of Obligations

The Parties agree to cooperate in the execution of whatever additional documents may be necessary to effectuate the terms and promises of this Agreement.

### 20. Headings

The Parties agree that the Paragraph headings are for convenience and ease of reference only and do not define, limit or expand any terms of conditions of this Agreement.

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

### 21. Full Knowledge, Understanding, Consent and Voluntary Execution

FLETCHER acknowledges and agrees that he has been represented by legal counsel of his choosing in the Litigation and with regard to the negotiation and finalization of this Agreement. FLETCHER further acknowledges and agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, meaning and results; FLETCHER affirms that he has not been coerced, threatened, or intimidated into signing this Agreement; that he is not signing this Agreement under duress of any kind or nature; and that before signing this Agreement, he has consulted and been fully advised by an attorney concerning the significance, meaning and results of this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have signed below.

"FLETCHER"

_____
LEWIS FLETCHER
SSN: XXX-XX-8473
1128 Stevenson Court, Herndon, Virginia 20170

Sworn to and subscribed before me this __10th__ date of __August__, 2015.

_____
Notary Public

My Commission expires: __11/16/2016__
(SEAL)

"ASCOM"

_____
BY:
TITLE: __President & CEO__
ASCOM NETWORK TESTING, INC.
1943 Sir Isaac Newton Square, Reston, Virginia, 20190

Sworn to and subscribed before me this __13th__ date of __August__, 2015.

_____
Notary Public

My Commission expires: __7/31/2019__
(SEAL)

9

**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

*Lewis Fletcher. v. ASCOM Network Testing, Inc.*

[Exhibit 1]

## ELECTION TO EXECUTE PRIOR TO EXPIRATION OF TWENTY-ONE (21) DAY CONSIDERATION PERIOD

I, LEWIS FLETCHER, understand that I have at least twenty-one (21) days within which to consider and execute the Confidential Settlement Agreement and Release ("Agreement") to which this document is attached. However, after having been advised of my right to consult with an attorney and having exercised that right to the extent desired, I have freely and voluntarily elected to execute the Agreement before the twenty-one (21) day consideration period has expired.

_____
LEWIS FLETCHER
SSN: XXX-XX-8473
1128 Stevenson Court, Herndon, Virginia 20170

Sworn to and subscribed before me this 10th date of August, 2015.

_____
Notary Public

My Commission expires: 11/16/2016
(SEAL)

10